## Landis et al. v. Conoy Township School District et al.

*Charles W. Eaby* and *Metzger & Wickersham*, for plaintiffs.

*William C. Rehm* and *Zimmerman, Myers & Kready*, for defendants.

GROFF, J., Jan. 14, 1928.—This is a bill in equity filed by the plaintiffs, taxpayers of the Township of Conoy, Lancaster County, Pennsylvania, against the School District of the Township of Conoy, Lancaster County, Pennsylvania, and Jacob W. Hoffer and Abraham W. Hoffer, partners, trading as Elizabethtown Planing Mill, defendants, praying that a contract entered into by the school district with the Elizabethtown Planing Mill for the construction of a six-room addition to the school building in the village of Bainbridge, Conoy Township, Lancaster County, Pennsylvania, and all other contracts entered into for and on account of the same, be declared illegal, null and void and of none effect, and praying, further, that an injunction be issued, restraining and enjoining the said school district, the several members of its board of directors and the said Jacob W. Hoffer and Abraham W. Hoffer, trading as the Elizabethtown Planing Mill, from proceeding with the erection or construction of the said school buildings and from all payments of public money on account thereof.

The reading of the bill, the answer filed thereto and the testimony leads us to find the following facts:

### Findings of fact.

1. The plaintiffs are residents and taxpayers of the School District of Conoy Township, Lancaster County, Pennsylvania.

2. That Benjamin F. Hoffman, I. Scott Smith, Harry M. Fink, J. K. Shoop and Abram H. Engle were the duly qualified and acting members of the school board at the time of the bringing of this bill, and that Jacob W. Hoffer and Abraham W. Hoffer, trading as Elizabethtown Planing Mill, the remaining defendants, are contractors living in the Borough of Elizabethtown, Lancaster County, Pennsylvania, and were employed to erect and construct the six-room addition to the school building at Bainbridge, Conoy Township, hereinafter referred to.

3. That on or about May 26, 1927, the board of school directors of the School District of Conoy Township agreed to build a six-room addition to the school building located in the village of Bainbridge, Conoy Township, Lancaster County, Pennsylvania, in accordance with the plans of H. E. Keller, as approved by the building committee of said school board.

4. That the advertisement inserted in the Lancaster New Era on May 18, 1927, and subsequent thereto, asking for bids for the erection of said six-room addition, read as follows:

"Notice to contractors—Sealed proposals will be received on a general contract—plumbing, heating, ventilating and electric wiring for addition to the Bainbridge school building, Conoy Township. Plans may be had from the secretary,

"I. Scott Smith,

"Bids due May 26, 1927. "Bainbridge, Pa."

5. That neither the specifications nor plans for the addition included the heating or plumbing.

6. The contract awarded was not a general contract such as was called for in the advertisement for bids, but was only a contract for the erection of the building, without including the heating and plumbing.

7. That neither the advertisement for bids nor the specifications stated the time at which the building should be completed.

8. That after the advertisement for bids and at the time the specifications were handed out by him, the secretary of the board made material changes verbally in the specifications and in the terms of the bids as advertised, without advertising the changes.

9. The contract for the erection of the buildings, not including heating and plumbing, was awarded to the Elizabethtown Planing Mill, operated by Jacob W. Hoffer and Abraham W. Hoffer.

10. That after the Elizabethtown Planing Mill bid was received and the contract was awarded, the defendant school board agreed with the Elizabethtown Planing Mill to pay a surety bond which was to guarantee the faithful compliance by the said Elizabethtown Planing Mill with the terms of their contract.

11. No minutes of the school board prior to May 27, 1927, show or indicate the levying of any tax for the year 1927, as required by section 537 of the School Code, but the uncontradicted evidence of the board of directors shows that in April, 1927, the board unanimously levied a tax rate of 12 mills on the valuation of the taxable property in the township and a five-dollar per capita tax.

12. The contract of June 1, 1927, between Hoffer Brothers, trading as Elizabethtown Planing Mill, and the Conoy Township School District does not contain any provision that the said Hoffer Brothers, trading as the Elizabethtown Planing Mill, had accepted the Workmen's Compensation Act of 1915, or its supplement, or that they had insured their liability thereunder in

accordance with the terms of the said act, or that a certificate of exemption from insurance had been issued by the Compensation Board, as required by the Act of July 18, 1917, P. L. 1083, nor was any bond given guaranteeing the payment of any compensation which may or might fall due in the performance of the said contract.

13. Neither the advertisement nor the plans and specifications fix a time for the completion of the work.

## Findings of law.

1. That the plaintiffs are proper and legal plaintiffs in this proceeding.

2. That the School District of the Township of Conoy, Lancaster County, Pennsylvania, is a school district of the fourth class. It is also a municipal division or subdivision of the Commonwealth within the contemplation of the Act of July 18, 1917, P. L. 1083.

3. That the contract of June 1, 1927, between the School District of Conoy Township and Jacob W. Hoffer and Abraham W. Hoffer, trading and doing business as the Elizabethtown Planing Mill, was illegal and void:

(a) Because the bids for the building were not in accordance with the advertisement inviting bids.

(b) Because the bidders did not bid on the same basis as to the time for the completion of the contract.

(c) Because certain changes were made verbally in the plans and specifications, and in the bidding as advertised, by the secretary when he handed out the specifications, which changes were never advertised, as required by law.

(d) Because, after the contract was awarded to the Elizabethtown Planing Mill, the school board agreed to pay the surety bond which was taken to guarantee the faithful compliance by the Elizabethtown Planing Mill under the terms of their contract.

(e) Because the contract of June 1, 1927, was executed in violation of the provisions of the Act of July 18, 1917, P. L. 1083.

(f) Because the advertisement did not fix the time at which the building was to be completed.

## Discussion.

The facts in this case show that the plaintiffs in the bill are taxpayers of Conoy Township, Lancaster County, Pennsylvania, and as such they had a right to file this bill in equity, asking for the relief prayed for. The defendants, Benjamin Hoffman, I. Scott Smith, Harry M. Fink, J. K. Shoop and Abram H. Engle, school directors, acting for the School District of the Township of Conoy, in Lancaster County, Pennsylvania, decided to build an annex to their school building in the village of Bainbridge, in said township, and apparently proceeded to do so without a due consideration of the requirements of the School Code of Pennsylvania, P. L. 1911, page 309.

There is nothing in the evidence or the bill to show that this school board had any regular place or time for meeting, but they do show that it met at the call of the secretary, made under the direction of the president, Benjamin F. Hoffman, who was ill and confined to his bed, sometimes at Mr. Hoffman's home and sometimes at the home of I. Scott Smith, the secretary.

The school board had prepared and submitted to it, at a meeting held at the home of Benjamin F. Hoffman, the president of the board, on April 27, 1927, what they called tentative plans for the erection of a six-room addition to their school-house. At that meeting the plans were discussed, but not

adopted, and at a special meeting held on May 26, 1927, at the home of the secretary, it was agreed to build the six-room addition according to the plans of H. E. Keller, as approved by the building committee of said school board. It was reported that three bids had been submitted; that the bid of Elizabethtown Planing Mill for the sum of $13,476 was the lowest bid on the basis of the plans and specifications submitted to all the bidders. No one of the three bids, according to the evidence, was in accordance with the advertisements inviting bids. That it was at that meeting resolved that the contract for the erection and completion of the addition to the Bainbridge School Building according to the plans and specifications adopted and approved by the board be awarded to the said Elizabethtown Planing Mill. This motion was, according to the minutes, unanimously adopted.

Prior to that time, I. Scott Smith, pursuant to a resolution of the board of directors, adopted at the April meeting, inserted in the Lancaster New Era the following advertisement:

"Notice to contractors—Sealed proposals will be received on a general contract—plumbing, heating, ventilating and electric wiring for addition to the Bainbridge school building, Conoy Township. Plans may be had from the secretary,

"I. SCOTT SMITH,

"Bids due May 26, 1927. "Bainbridge, Pa."

It is admitted by the secretary that he verbally changed this advertisement at the time he handed the plans and specifications to prospective bidders without having readvertised the bidding. An examination of the plans and specifications show that they include the heating, plumbing, wiring and ventilating. The contract with the Elizabethtown Planing Mill excludes therefrom the plumbing and heating, and the contract further shows that the school board, after the bidding was let, agreed to pay the expense of the bond which the contractor was required to give for the faithful performance of his duty.

The contract entered into with the Elizabethtown Planing Mill on June 1, 1927, does not contain any provision that Jacob W. Hoffer and Abraham W. Hoffer, trading as Elizabethtown Planing Mill, had accepted the Workmen's Compensation Act of 1915, or its supplements, or that they had insured their liability thereunder, in accordance with the terms of the said act, or that a certificate of exemption from insurance had been issued by the Compensation Board, nor was any bond given guaranteeing the payment of any compensation which may, or might, fall due in the performance of the said contract.

From the above facts we find as a matter of law that the plaintiffs are proper plaintiffs in this bill, they being taxpayers of the Township of Conoy, which is a fourth class school district under section 105 of the School Code, P. L. 1911, page 309, and it is also a municipal division or subdivision of the Commonwealth within the Act of July 18, 1917, P. L. 1083: Lehigh Coal and Navigation Co. v. Summit Hill School District et al., 289 Pa. 75, 81.

The plans and specifications and the terms of the bidding were materially changed verbally by the secretary of the board at the time he handed the plans and specifications to the contractors, by taking out the heating and plumbing and notifying the applicants for specifications that the contract should be completed before the beginning of the next school term. These changes were not readvertised.

This, we believe, gave an unfair advantage to the persons who actually applied for plans, and the changes not being communicated to other bidders

who may have desired to bid under the new conditions verbally submitted by the secretary may have prevented many persons from bidding, and was, we think, contrary to the law. This was not conducive to competitive bidding, unless a public notice of the change was given. It was said by the Supreme Court in Page *v.* King et al., 285 Pa. 153-159: "To alter the specifications during the submission of bids would not produce competitive bidding, unless public notice of the change was given. Bidders should be informed by the specifications on file what is expected of them; material changes thereof should be followed by a public notice and a letting made accordingly. Personal notice to those having already secured plans, in addition to the public notice, is highly desirable, and should be given, if possible; but, without public notice, discrimination may easily be practiced by sending only personal notices to a few individuals. A contract cannot be lawfully awarded when changes are made in the specifications after advertisements, unless the change is advertised." And to the same effect was Flinn *v.* Philadelphia, 258 Pa. 355, and Louchheim *v.* Philadelphia, 218 Pa. 100.

We feel that the paying of the premium for the bond guaranteeing the completion of the contract for the successful contractor was a discrimination which should not have been made, and if it was intended to be paid by the school district, it should have been advertised, so that all prospective bidders might have had knowledge of the same. Such action was unfair to the other bidders and contrary to the statutory proceedings designed to safeguard the expenditure of public funds and prevent the favoring of the successful bidder.

Another reason exists here why this contract should not have been awarded, viz.: That when the advertisement for bids was made, neither it nor the specifications stated the time within which the building should be completed, and, therefore, prospective bidders could not apply on a common basis: Hibbs et al. *v.* Arensberg et al., 276 Pa. 24-28; Edmundson *v.* Pittsburgh School District, 248 Pa. 559, 563.

There is another objection to the validity of the contract entered into between the school board and the Elizabethtown Planing Mill, viz., that there was nothing in the specifications, nor in the advertisement for the bids, nor in the contract entered into between the school board and the Elizabethtown Planing Mill, requiring or indicating that the contractor had to comply with the Act of July 18, 1917, P. L. 1083, "requiring that all contracts executed by any municipality, or any officer or bureau or board thereof, or by any municipal division or subdivision of the Commonwealth, which contracts shall involve the construction or doing of any work involving the employment of labor, shall contain a provision that the contractor shall accept . . . the provisions of the Workmen's Compensation Act of 1915, . . . and the said contractor will insure his liability thereunder, or file with the Commonwealth, or the municipal corporation or board with whom the contract is made, a certificate of exemption from insurance. . . . Section 3 of the act provides that 'any contract executed in violation of the provision of this act shall be null and void.' "

It is admitted that Jacob W. Hoffer and Abraham W. Hoffer, trading as the Elizabethtown Planing Mill, did not comply with this requirement, and there is no reason given for the non-compliance with it. Both the school board and the Elizabethtown Planning Mill were bound to know the law. The language of the act is mandatory, and, in view of the express provision of section 3 of the said act that a contract executed in violation of the provisions of the said act is void, makes further discussion of this subject unnecessary.

For the reasons above given, we conclude that the contract entered into between the Directors of the Conoy Township School District, through their secretary, I. Scott Smith, and Jacob W. Hoffer and Abraham W. Hoffer, trading as the Elizabethtown Planing Mill, is null and void. The parties to the said contract not having complied with the statutes in such cases made and provided, nor with the laws of the Commonwealth affecting public contracts, we, therefore, enter the following decree *nisi:*

### *Decree nisi.*

1. That the contract entered into between the Conoy Township School District for the construction and erection of the six-room addition to the school building in the village of Bainbridge, Conoy Township, Lancaster County, Pennsylvania, and the Elizabethtown Planing Mill is null and void and of no effect.

2. That an injunction be issued, restraining and enjoining the said School District of Conoy Township, the several members of its board of directors, and Jacob W. Hoffer and Abraham W. Hoffer, trading as the Elizabethtown Planing Mill, from proceeding with the erection or construction of the said school building, and from the payment or collection of any public moneys due on account thereof.

From George Ross Eshleman, Lancaster, Pa.